IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TIMOTHY KELLEY,[1]

    Petitioner,

vs.                                                           Case No. 4:10cv464-MP/WCS

STATE OF FLORIDA,

    Respondent.

                                    /

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. He paid the filing fee.

Petitioner claims he is in custody for habeas corpus purposes due to expired state convictions used to enhance his current federal sentence. Doc. 1, p. 2. Petitioner cites Maleng v. Cook, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), Custis v. United States, 511 U.S. 485, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994), and Daniels v. United States, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001). Id.

---

[1] Petitioner's last name was misspelled as Kelly in the style of the petition. The clerk has corrected the spelling on the docket.

Petitioner claims that, as in <u>Maleng</u>, this petition should be construed as challenging his current sentence as enhanced by invalid prior convictions. *Id.*, pp. 2-3.[2] Petitioner claims his petition is filed pursuant to § 2241 rather than § 2254, as § 2241 requires a petitioner to be in custody pursuant to a state court judgment, and he is not. *Id.*, pp. 3-4. Petitioner contends that since § 2254 does not apply, the one year limitations period and exhaustion requirements of § 2254 do not apply. *Id.*, pp. 4-5.

Petitioner challenges his state court nolo contendere pleas. Apparently the two state court cases at issue are 1996CF117 and 2001CF657, as Petitioner has supplied a copy of the state court's order denying his Fla.R.Crim.P. 3.850 motion as to those two cases. Doc. 1, attachment (pp. 12-13 in ECF) (Electronic Case Filing).

> In case number 1996CF117, on July 17, 1996, Defendant pled no contest to possession of cocaine and was sentenced to two years of probation, which Defendant violated twice. He was eventually sentenced to 11 months and 29 days in the Leon County Jail on [September] 19, 1997. In case number 2001CF657, on [December] 3, 2002, Defendant pled no contest to sale of cocaine and was sentenced to three years of probation. After violating probation, on March 12, 2003, Defendant's probation was reinstated to include 30 days in the Leon County Jail. An appeal was not taken in either case.

*Id.*, p. 12 (state court order dated August 30, 2010).

---

[2] In <u>Maleng</u>, the habeas petitioner had been convicted in state court in Washington in 1958, and the expired 1958 conviction was used to increase the mandatory minimum term on his 1978 Washington sentence. *Id.*, at 489, 109 S.Ct. at 1924. In 1985 he was in federal custody, and had not yet begun to serve the 1978 sentences. *Id.*, at 489-490, 109 S.Ct. at 1924-25. The Supreme Court said he was not "in custody" of the 1958 sentence, but was "in custody" of the 1978 sentences he had not yet started to serve. *Id.* Liberally construing the pro se petition, it was read as asserting a challenge to the 1978 sentences as enhanced by the expired convictions, and he was therefore "in custody" for habeas corpus purposes. *Id.*, at 493-494, 109 S.Ct. at 1926-27.

As he does here, in state court Petitioner challenged the pleas because they were used to enhance his federal sentence. *Id.* The state court found the motion was untimely under the two year time limit of Rule 3.850, and rejected Petitioner's claim that his federal indictment and sentencing constituted newly discovered evidence. *Id.*, pp. 12-13. The court also found the claim was without merit, as counsel has no duty to advise of the possible consequences a plea may have at a future sentencing for a future crime. *Id.*, pp. 13 (citations omitted).

Petitioner claims that "[a]ttorneys in both cases" advised him to enter a nolo contendere plea, advised him that a plea of nolo contendere is not an admission of guilt, and that "the plea and evidence based upon the plea could not be used against the petitioner in any other criminal or civil proceeding." *Id.*, p. 6-7. He asserts that he was not guilty of these offenses and would have insisted on going to trial if he had known his pleas could ever be used against him. *Id.*, p. 7. Petitioner alleges that no amount of diligence would have discovered that the pleas of nolo contendere could be used against him until the federal indictment was returned. *Id.*, pp. 7-8.

Petitioner states under penalty of perjury that when he entered the pleas he was advised that the plea was not an admission and could not be used against him in any criminal or civil proceedings. Doc. 1, attachment (p. 11 in ECF). Petitioner states he never admitted to committing and did not commit the offenses to which he entered the nolo contendere pleas, and he was ready to go to trial in both cases. *Id.*

Under <u>Maleng</u>, Petitioner is not "in custody" of either of the expired Florida convictions. He is challenging those judgments as used to enhance his current federal sentence, so his claim should proceed, if at all, by 28 U.S.C. § 2255 motion filed in the

criminal case. See Daniels, 532 U.S. at 376, 382, 121 S.Ct. at 1580, 1583 ("[t]here may be rare circumstances in which § 2255 would be available" to challenge prior convictions relied on at federal sentencing; a defendant could challenge a prior conviction obtained in violation of the right to counsel in a § 2255 motion but generally only if he raised the issue at sentencing);[3] McCarthy v. United States, 320 F.3d 1230, 1231, n. 1 (11th Cir. 2003) (petition challenging state convictions used to enhance federal sentence had to be brought by § 2255 motion, not § 2254 petition, collecting cases).

Petitioner filed a § 2255 motion in his criminal case, which remains pending. Doc. 28 in case number 4:08cr32-RH. Petitioner placed that motion in the prison mail system on August 18, 2010, shortly before the state court denied Rule 3.850 relief on August 30, 2010, which was well before Petitioner signed his § 2241 petition on October 15, 2010. The Government was directed to file a response to the § 2255 motion, and Petitioner was given the opportunity to file a reply if he wished to do so. Doc. 31. The Government filed a response, doc. 32, but Petitioner did not file a reply.

As ground one in the § 2255 motion, Petitioner claimed that his attorney failed to file a notice of appeal and failed to consult with him about filing an appeal. Doc. 28, p. 5

---

[3] Daniels was initiated by the filing of a § 2255 motion. As Petitioner is in custody and "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," he "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255(a).

(p. 4 in ECF). Petitioner "reserved" ground two, "pending the resolution of prior convictions being challenged in state court." Doc. 28, p. 6 (p. 5 in ECF).

The Government responded to the § 2255 motion by arguing it is untimely under the one year limitations period applicable to § 2255 motions, and asserting that the claim (ground one) is without merit. Doc. 32, pp. 19-25. The Government did not address ground two.

It is not clear why Petitioner elected to file a § 2255 motion and a separate § 2241 petition, both challenging the judgment in his federal case, but it is improper. First, a § 2255 motion must, *inter alia*, specify "all the grounds for relief available to the moving party" and "state the facts supporting each ground." § 2255 Rule 2(b)(1) and (2). See Mayle v. Felix, 545 U.S. 644, 655, 125 S.Ct. 2562, 2570, 162 L.Ed.2d 582 (2005) (discussing § 2254 Rule 2(c) – almost identical to § 2255 Rule 2(b) – which has a higher pleading standard than Fed.R.Civ.P. 15). All available grounds must be raised because once § 2255 relief is denied, a second or successive § 2255 motion may only be filed on authorization of the court of appeals in limited circumstances. § 2255(h) (referencing § 2244); § 2244(b). If Petitioner wanted to add his present claim to the pending § 2255 motion (or provide allegations of fact to support his "reserved" ground two), the proper procedure would be to file a motion to amend pursuant to Fed.R.Civ.P. 15. Mayle, 545 U.S. at 655, 125 S.Ct. at 2569, 162 L.Ed.2d 582 (2005) (noting that Rule 15 is applicable in § 2254 cases).

Moreover, Petitioner may not raise what is essentially a § 2255 claim by a habeas corpus petition. A person authorized to seek § 2255 relief may not obtain habeas corpus relief absent a showing that § 2255 "is inadequate or ineffective to test

the legality of his detention." § 2255(e). This "savings clause" language allows a habeas corpus petition to proceed only for a claim based upon a retroactively applicable Supreme Court decision establishing that the petitioner was convicted for a nonexistent defense, and circuit law had squarely foreclosed such a claim at the time it otherwise should have been raised at trial, appeal, or first § 2255 motion. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. Jun 14, 1999). (footnote omitted). Petitioner cannot satisfy any of these requirements.

Petitioner is free to file a motion to amend his § 2255 motion accompanied by a copy of the proposed amended pleading in its entirety, incorporating all amendments and claims. Local Rule 15.1. If a motion to amend is filed, the Government would have the opportunity to oppose the motion to amend, and (if the motion was granted) have the opportunity to respond to the amended motion.

It appears, however, that amendment would be futile. Petitioner has not obtained relief from the convictions in state court,[4] and does not contend that they were obtained in violation of his right to appointed counsel.

> If . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the

---

[4] Daniels said that if a successful challenge were made in state court, the defendant could apply for reopening of his federal sentence, but "express[ed] no opinion on the appropriate disposition of such an application." 532 U.S. at 382, 121 S.Ct. at 1583 (citation omitted). In Johnson v. United States, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005), the Court said the one year period for filing a § 2255 motion on the ground that a state sentence was vacated, "begins when a petitioner receives notice of the order vacating the prior conviction, provided that he has sought it with due diligence in state court, after entry of judgment in the federal case with the enhanced sentence." Id., at 298, 125 S.Ct. at 1575. Since Petitioner's state convictions were not vacated, the state court order did not restart the one year period for filing a § 2255 motion.

> defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255. A defendant may challenge a prior conviction as the product of a *Gideon* violation [5] in a § 2255 motion, but generally only if he raised that claim at his federal sentencing proceeding.

532 U.S. at 382, 121 S.Ct. at 1583 (citations omitted); 320 F.3d at 1232 (*quoting* Daniels). However, regardless of the disposition of this claim if raised in the § 2255 proceeding, Petitioner may not proceed in the case at bar under § 2241.

It is therefore respectfully **RECOMMENDED** that the § 2241 petition, challenging Petitioner's Leon County convictions as used to enhance his federal sentence in 4:08cr32-RH, Florida, be **SUMMARILY DISMISSED**. The clerk shall forward a copy of this report and recommendation to the United States Attorney for this district.

**IN CHAMBERS** at Tallahassee, Florida, on March 23, 2011.

   S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[5] Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (the right to counsel includes the right to appointment of counsel for indigent defendants).

Case No. 4:10cv464-MP/WCS